IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CRYSTAL BAILEY, | : |
| Plaintiff, | : |
| v. | : |
| UNITED STATES OF AMERICA, | : |
| Defendant. | : |

Civil No.: WMN-03-367

...oOo...

**DEFENDANT'S MOTION FOR EXTENSION OF TIME**

The United States of America, defendant herein, by and through its attorneys, Thomas M. DiBiagio, United States Attorney for the District of Maryland, and John W. Sippel, Jr., Assistant United States Attorney for said District, files this Motion for Extension of Time and for cause states:

1.   This case arises out of Plaintiff's claims of personal injury incurred when she was viewing property allegedly owned and/or managed by the Department of Housing and Urban Development.  Plaintiff filed her Complaint on or about February 10, 2003.

2.   The United States Attorney for the District of Maryland was served with process on or about May 1, 2003.  Service of process was not, however, effectuated upon the agency.

3.   On June 11, 2003, the Court issued an Order directing Plaintiff to show good cause as to why service of process was not effectuated upon the Defendant.

4.   In late June, 2003, counsel for the parties agreed that Defendant would respond to Plaintiff's Complaint within 60 days after Plaintiff effectuated service of process upon the agency.

5.   On August 12, 2003, Plaintiff filed an Affidavit of Service of Process with the Court indicating that service of process was effectuated upon the agency on June 23, 2003 and August 4, 2003. Although Plaintiff's Affidavit of Service included a certificate of service indicating that

undersigned counsel was mailed a copy of the Affidavit, undersigned counsel never received a copy of the Affidavit by mail.  In addition, undersigned counsel did not learn that service of process was effectuated upon the agency until August 26, 2003, when undersigned counsel obtained a copy of the case docket sheet.  Undersigned counsel was not informed by agency counsel that service of process was effectuated because agency counsel is currently on maternity leave.

6. Based on undersigned counsel's agreement with Plaintiff's counsel, Defendant's response to Plaintiff's Complaint was due on August 22, 2003 - 60 days after service of process was effectuated upon the agency.  Because undersigned counsel was not aware that service of process was effectuated upon the agency, a response to Plaintiff's Complaint was not filed on Defendant's behalf.

7. Due to the foregoing circumstances, Defendant requests additional time to file its response to Plaintiff's Complaint.  Specifically, Defendant seeks until September 30, 2003 to file its response.

8. Pursuant to Local Rule 105.9, Defendant's counsel attempted to obtain Plaintiff's counsel's consent to this request for extension of time but was not able to obtain Plaintiff's counsel's consent prior to the filing of this Motion.

WHEREFORE,  the United States of America, defendant herein, prays for an Order extending the time through and including **September 30, 2003** to file its response to Plaintiff's Complaint.

       Respectfully submitted,

       Thomas M. DiBiagio
       United States Attorney


By: _____/s/_____
       John W. Sippel, Jr.
       Assistant United States Attorney
       Bar No. 25484
       6625 United States Courthouse
       101 West Lombard Street
       Baltimore, Maryland 21201
       Tel.:    (410) 209-4807
       Fax:    (410) 962-2310