IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

CRYSTAL BAILEY

    Plaintiff

v.                                                             Civil No. WMN-03-367

UNITED STATES OF AMERICA et al.

    Defendants

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff, by undersigned counsel, and in response to the Motion of Defendant UNITED STATES OF AMERICA ("USA") to Dismiss and/or for Summary Judgment, does hereby respond in opposition as follows:

**FACTS:**

Plaintiff agrees that the Department of Housing and Urban Development ("HUD") took title to the property and owned it on the day of the accident. Defendant DIY was added as a party since it is HUD's agent but, never took title. As an owner, both under applicable law, and pursuant to the contract with DIY, HUD maintained authority over the property, supervised the contractor, specified exactly what work the contractor had to perform and even used its own funds to remedy "safety/health conditions" or "violation/code notices". See Contract, Section C, (I) (A-E), at Exhibit A, pages (4) thru eight (8). It could perform inspections or tests and even require that work be redone if not properly performed. Id, at section E. FAR 52.246-4. HUD had considerable control over the property, the work to be performed and ultimately, for payment

1

of expenses to repair. In this instance, the Plaintiff fell due to dangerous safety problems and probable code violations involving a stair or ladder.

**STANDARD OF REVIEW**

While Motions to Dismiss "may" involve materials beyond the pleadings, the Court typically treats such a Motion with such extensive factual material as involving a Motion for Summary Judgment, which can only be granted when there is "no genuine dispute as to material facts". FED. R. CIV. P. 56©). In this instance, so many pages of exhibits were attached to the Motion outside the pleadings that a "Notice of Filing of Lengthy Exhibit" was necessary and was filed by the USA. Under such circumstances, the Motion must be viewed in the light most favorable to the Plaintiff, similar to her posture when confronted by a Motion for Directed Verdict at trial. <u>Pahanish v. Western Trails, Inc</u>., 60 Md. App. 342, 517 A.2d 1122 (1986)(applying substantive law of Maryland in an action in negligence, as with the one at bar). As to the issue of sovereign immunity, the entire purpose of the Federal Torts Claims Act is to provide for such a waiver in the event of negligence or other tortious conduct covered by the Act. 28 U.S.C.A. 2674, et seq.

**ARGUMENT**

In this instance, discovery has not even begun and DIY has not even been served. Thus, the Plaintiff has not had the benefit of probing more into the relationship between the two (2) Defendants and more into exactly what role and control HUD had. Thus, the motion is clearly premature. In fact, the Plaintiff is not aware of the issuance of any scheduling order even stating the deadline for the filing of this Motion and/or the conducting of discovery.

However, even the contract supplied by the USA raises serious and material issues as to

the role of HUD with respect to the property. Even the USA concedes that HUD at least had "retained authority to oversee DIY's performance under the contract". <u>See</u> Memorandum in support of the Motion at page six (6). This raises the issue of just how well this "overseeing" was done. Negligence involves the breach of duty and in this instance, the failure of HUD to property oversee DIY's work may very well bear a significant relationship to the poor condition of the property. Thus, nonperformance or malperformance is a factual issue in this case and it is virtually impossible to conclude that summary judgment is appropriate. Furthermore, such allegations and issues of negligence fall squarely within the intent of the FTCA. 28 USCA 2674, et seq.

  In addition, the elements of negligence often involve common law and the applicable Maryland law is clear here. An owner of property owes a duty of reasonable care to invitees to insure that the property is safe. <u>Pahanish v. Western Trails, Inc,</u> 69 Md. App. 342, 517 A.2d 1112 (1986). This duty even extends to conditions caused by "other persons" where a reasonable person would anticipate the occurrence and its probable result<u>. Dalmo Sales of Wheaton Inc. V. Steinberg</u>, 43 Md. App. 659, 407 A.2d 339 (1979). In this instance, the Plaintiff was clearly a business invitee to whom HUD was extending a visit to lease and/or buy thru its agent and even the acts of this or any other agent, including DIY, does not relieve it of responsibility under common law.

  Finally, with respect to the discretionary function doctrine cited by the USA, once again there are serious factual issues not resolved at this juncture. <u>See</u> Memorandum, at page seven (7). HUD has cited a two (2) prong test that, in part, presents the issue of whether or not the acts in question are "discretionary". <u>United States v. Gaubert</u>, 499 US 315 (1991). However, in

applying this test, the USA has made a faulty assumption. It addressed whether or not HUD had the "discretion" or right to hire DIY.  <u>See</u> Memorandum, at eight (8).   That is really not the issue being raised in Plaintiff's claims.  Plaintiff is contending that HUD, as owner, was negligent in maintaining the property, whether directly or thru its agent, DIY.  Its failure to comply with its own ***contractual,*** as opposed to statutory, obligations which it voluntarily assumed is really the issue. <u>See</u> Amended Complaint.and Exhibit A to the Motion.

**CONCLUSION**

The Motion is premature.  There remain genuine issues of material fact and based on the pleadings alone, this case cannot be either dismissed or subject to summary judgment.

        Respectfully Submitted:

        HOFFMAN AND HOFFMAN, PA

        By: _____
         Charles Frederick Chester 01419
         301 North Charles Street, Suite 804
         Baltimore, Maryland 21201
         (410) 685-1156 ext. 17
         Of Counsel
         Counsel to Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Answer in Opposition will be sent first class mail, postage prepaid to John W. Sippel, Jr., Assistant US Attorney, 6625 United States Courthouse, 101 West Lombard Street, Baltimore, Maryland 21201 the 14th day of October, 2003 after the holiday weekend.

        _____
        Charles F. Chester