IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CRYSTAL BAILEY, | : |
| Plaintiff, | : |
| v. | : |
| | Civil No.: WMN-03-367 |
| UNITED STATES OF AMERICA, *et al.*, | : |
| Defendants. | : |

...oOo...

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

The United States of America, a defendant herein, by its attorneys, Thomas M. DiBiagio, United States Attorney for the District of Maryland, and John W. Sippel, Jr., Assistant United States Attorney for said District, hereby submits this Reply Memorandum in Support of its Motion to Dismiss or, in the alternative, for Summary Judgment.

**I. INTRODUCTION**

The United States filed a Motion to Dismiss or, in the alternative, for Summary Judgment on September 30, 2003. In its Motion, the United States argued that Plaintiff's Complaint must be dismissed against it because the United States has not waived its sovereign immunity to be sued properly under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.

In her Opposition to the United States' Motion, Plaintiff failed to offer any evidence to establish that the United States waived its sovereign immunity under the Federal Tort Claims Act. Under the independent contractor and discretionary function exceptions to the Federal Tort Claims Act, Plaintiff's claims against the United States are barred and, therefore, must be dismissed.

## II. ARGUMENT

**A.    The United States' Motion to Dismiss is ripe for consideration.**

In her Opposition, Plaintiff asserts that the United States' Motion must be treated as a motion for summary judgment, as opposed to a motion to dismiss, because the Unites States attached many pages of exhibits to it Motion. *See* Plaintiff's Opposition  (Pl.'s Opp.), p. 2.  In addition, Plaintiff argues that the United States' Motion must be denied because "discovery has not begun and [the co-defendant] has not been served."[1]  *Id*.   Plaintiff states that the United States' motion is premature and alludes that the United States is somehow precluded from filing its Motion in the absence of a scheduling order from the Court or prior to completion of discovery.  *Id*.

As explained more fully in the United States' Memorandum in Support of its Motion, the United States moved to dismiss Plaintiff's Complaint based on this Court's lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).   *See* Defendant's Memorandum ("Def.'s Memorandum"), pp. 3, 5 and 7.  The determination of jurisdiction is a threshold issue and requires this Court to resolve the United States' Motion to Dismiss first. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).  In addition, when ruling on a 12(b)(1) motion, this Court is permitted to consider and weigh evidence outside of the pleadings to determine its authority to hear the case. *See McKeel v. United States*, 178 F. Supp.2d 493, 496 (D. Md. 2001)(Davis, J.).

Plaintiff's argument as to the ripeness and appropriateness of the United States' Motion is without merit.  Pursuant to Fed. R. Civ. P. 12, the United States was required to respond to Plaintiff's Complaint, and responded by way of its Motion.  The Motion is not premature, nor should

---

[1] Undersigned counsel attempted to provide a copy of the United States' Motion to the Resident Agent of DIY, Inc. by way of first-class mail.  The envelope containing the Motion, however, was returned to undersigned counsel marked "REFUSED."

the Motion be treated initially as a motion for summary judgment, as the well-established case law explains that the Court must first determine whether it has subject matter jurisdiction to hear the case, and can consider and weigh evidence outside of the pleadings in making the determination.

Because the United States challenged the Court's subject matter jurisdiction, Plaintiff bears the burden of persuasion and must demonstrate an *unequivocal* waiver of sovereign immunity. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)(citation omitted)(emphasis added). In her Opposition, Plaintiff has not provided any evidence, admissible or otherwise, to support her assertion that the United States waived its sovereign immunity in this case. Accordingly, Plaintiff's claims against the United States must be dismissed.

B.  **The independent contractor exception to the FTCA bars Plaintiff's claims against the United States.**

Plaintiff has failed to provide any evidence to support her argument that the independent contractor exception to the FTCA should not be applied in this case. Plaintiff ignores the plain language of the contract between the Department of Housing and Urban Development ("HUD") and DIY, Inc. ("DIY"), the Real Estate Asset Manager ("REAM"). Indeed, the plain language of the REAM contract establishes that DIY was responsible for the condition of the property, as well as its repair and maintenance. *See* Def.'s Memorandum, Ex. A, pp. 4-8, 15-16. Because the contract required an on-going obligation on behalf of DIY to correct safety and health hazards and provide maintenance, and there is no evidence that HUD retained day-to-day control over the subject property or DIY, the independent contractor exception to the FTCA is applicable to this case.

Plaintiff posits that HUD's statement that it oversaw DIY's performance under the REAM contract creates the issue of "just how well this 'overseeing' was done." Pl.'s Opp., p. 3. As

discussed below, the United States cannot be held liable for any negligence associated with its supervision of DIY. *See Becker v. Department of the Army*, 981 F. Supp. 905, 908 (D. Md. 1997)(Young, J.) Moreover, the plain language of the contract establishes that DIY was responsible for the day-to-day management, maintenance and repair of the subject property. There is no evidence before this Court that establishes that the United States had the right to control the detailed physical performance of the contract. Accordingly, Plaintiff's claims against the United States must be dismissed. *See Becker*, 981 F. Supp. at 907 (because the United States did not have the right to control detailed physical performance of contract, other party is independent contractor and court has no subject matter jurisdiction under FTCA).[2]

## C. Plaintiff's claims against the United States are barred under the discretionary function exception to the FTCA.

Plaintiff failed to demonstrate that the discretionary function exception to the FTCA is not applicable to this case. Plaintiff states that the United States made a faulty assumption by addressing whether or not HUD had the "discretion" or right to hire DIY, as compared to whether HUD, as owner of the subject property, was negligent in maintaining the property and failing to comply with its own contractual obligations. Pl.'s Opp., p. 4. It is evident in Plaintiff's argument and logic that Plaintiff does not comprehend the purpose and applicability of the discretionary function exception.

The United States is immune from suit under the discretionary function exception to the

---

[2] Plaintiff cites to several Maryland appellate court decisions that explain a property owner's duty of care to invitees. *See* Pl.'s Opp., p. 3. Plaintiff attempts to establish HUD's liability to Plaintiff through these cases. While the cases cited by Plaintiff explain correctly the duty owed in Maryland by a property owner to invitees, Plaintiff's logic is faulty, as the cases have no bearing on the Government's waiver of sovereign immunity under the FTCA. The Maryland cases may be applicable to the United States only after the Plaintiff has established that this Court has subject matter jurisdiction. Because Plaintiff has not met her burden to demonstrate that the United States unequivocally waived its sovereign immunity, her claims against the United States must be dismissed.

FTCA's limited waiver of sovereign immunity. *See* 28 U.S.C. § 2680(a). Section 2680(a) exempts the United States from liability under the FTCA for acts of its employees "based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Because the United States contracted away its responsibility for the management, maintenance and repair of the subject property to DIY, it cannot be held liable for any defects on the property. *See Lumpkins v. United States*, 215 F. Supp.2d 640, 644 (D. Md. 2002)(Blake, J.). In addition, "[t]he decision to hire an independent contractor to render services for the United States is precisely the type of decision that the exception is designed to shield from liability because it involves judgment based on considerations of policy...." *Lumpkins*, 215 F. Supp. 2d at 644 (citing *Williams*, 50 F.3d at 31). Moreover, under the discretionary function exception, the United States cannot be found liable for any negligence in supervising the actions of an independent contractor. *Becker*, 981 F. Supp. at 908.

In the present case, HUD utilized its discretion to hire an independent contractor for the management, maintenance and repair of the subject property. This action by the United States unequivocally shields the United States from liability such as that sought in Plaintiff's Complaint. Moreover, despite Plaintiff's attempt to place liability on the United States for its alleged negligent supervision of DIY, the United States cannot be found liable under the discretionary function exception, even if it failed to supervise properly the actions of DIY. Accordingly, the discretionary function exception to the FTCA shields the United States from liability in this case and, therefore, Plaintiff's claims against the United States must be dismissed.

### III.  CONCLUSION

Based upon the foregoing, as well as the reasons set forth in the United States' Memorandum in Support of its Motion to Dismiss or, in the alternative, for Summary Judgment, plaintiff Crystal Bailey's claims against the United States are barred under the independent contractor and discretionary function exceptions to the Federal Tort Claims Act.  Accordingly, this Court must dismiss Plaintiff's Amended Complaint as to the United States.

        Respectfully submitted,

        Thomas M. DiBiagio
        United States Attorney


By:_____/s/_____
        John W. Sippel, Jr.
        Assistant United States Attorney
        Bar No.  25484
        6625 United States Courthouse
        101 West Lombard Street
        Baltimore, Maryland  21201-2692
        Tel:       (410) 209-4812
        Fax:      (410) 962-2310