IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CRYSTAL BAILEY                    :

                                  :

v.                                        Civil Action WMN-03-367

                                  :

UNITED STATES OF AMERICA
<u>et al.</u>                        :

**<u>MEMORANDUM</u>**

Before the Court is a Motion to Dismiss, or in the
Alternative, for Summary Judgment filed by Defendant United
States of America.  Paper No. 14.  Plaintiff has opposed the
motion and the United States has replied.  Upon a review of
the motion and the applicable case law, the Court determines
that no hearing is necessary (Local Rule 105.6) and that the
motion will be granted.

Plaintiff alleges that she was injured when a wooden
ladder that she was ascending collapsed and caused her to
fall.  The ladder in question was located in the bedroom of a
residential property, and provided access to the attic.  The
property, 1940 Iverton Road in Baltimore, was owned by the
United States Department of Housing and Urban Development
(HUD) and was managed and maintained by Defendant DYI, Inc.
(DYI).  The Amended Complaint brings a single count of
negligence against both the United States and DYI, alleging
the failure to properly maintain the premises, the failure to

warn of dangerous conditions on the premises, and the failure to adequately inspect the premises to ensure that it was safe. The United States moves to dismiss the Amended Complaint on the ground that it is immune from suit.  Defendant DIY has yet to be served.

A "'party that sues the United States bears the burden of pointing to . . . an unequivocal waiver of immunity.'" Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995) (quoting Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983)).[1]  While the Federal Tort Claims Act (FTCA) provides a limited waiver of sovereign immunity, allowing the government to be held liable for the negligent acts or omissions of federal agents and employees, the FTCA "does not . . . waive the government's sovereign immunity for injuries resulting from the tortious conduct of independent contractors." Lumpkins v. United States, 215 F.Supp.2d 640 (D. Md. 2002).

Whether a party is considered an employee or an independent contractor for the purpose of FTCA liability is a

---

[1] Because the issue of sovereign immunity goes to this Court's subject matter jurisdiction over the claims, a motion asserting immunity is properly considered as one brought pursuant to Rule 12(b)(1).  Williams, 50 F.3d at 304.  When ruling on a Rule 12(b)(1) motion, the district court is permitted to consider exhibits outside of the pleadings.  Id. The Court is also "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. (citation and internal quotations omitted).

question of federal law.  <u>Logue v. United States</u>, 412 U.S.
521, 526-28 (1973).  As this Court has summarized that federal
law,

>    [t]he critical factor is whether the
>    Government has the right to control the
>    other party's detailed physical
>    performance.  If the Government has this
>    right, the party is a government employee
>    and the FTCA waives the Government's
>    sovereign immunity, thereby subjecting the
>    Government to potential liability on a
>    theory of <u>respondeat superior</u>.  If the
>    Government does not have this right, the
>    party is an independent contractor and the
>    Government is immune from suit in federal
>    court.  Thus, the Government must have the
>    right to supervise the day-to-day
>    operations of the endeavor for the FTCA to
>    waive its sovereign immunity.

<u>Becker v. Dept. of the Army</u>, 981 F.Supp. 905, 907 (D. Md.
1997).

In the case at bar, the United States contracted with DIY
to perform all of the management, maintenance, inspection, and
repair duties at 1940 Iverton Road.  Specifically, under the
terms of its contract with HUD, DIY had the responsibility to,
"[c]heck for and, if found, correct safety and health
hazards;" to "[p]rovide ongoing maintenance to [the]
propert[y];" and to "[k]eep property free of safety and health
hazards."  Def.'s Exh. A, Real Estate Asset Management
Services Contract (REAM Contract) at 15-16.  Furthermore,
although the contract allows for HUD to occasionally inspect

3

for compliance with the contract standards, nothing in that contract anticipates or allows any day-to-day involvement of HUD in the management or maintenance of the property, or the supervision of DIY. Courts have consistently construed similar broad agreements as establishing an independent contractor relationship. See Williams, 50 F.3d at 301 (contract provided that independent contractor was "fully responsible for the management, operation, maintenance, repair and support operations of the Premises"); Moreno v. United States, 965 F.Supp. 521, 525 (S.D.N.Y. 1997) (independent contractor to perform "all maintenance, repairs, and alterations necessary to ensure the safety of the premises").

To the extent that Plaintiff might be alleging that the Government was negligent in its decision to hire DIY, or in its supervision of the actions of DIY, any liability for that conduct would fall within the discretionary function exception to the FTCA. See 28 U.S.C. § 2680(a). Section 2680(a) exempts the Government from liability under the FTCA "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved is abused." Although the Fourth Circuit has noted that this exception "has a fluid quality

that escapes particular confinement," that court has specifically held that engaging custodial or maintenance services falls within this exception. <u>Williams</u>, 50 F.3d at 309. Furthermore, the court has held that the Government cannot be found liable for any negligence in supervising the actions of an independent contractor. <u>Id.</u> at 310; <u>see also</u> <u>Becker</u>, 981 F.Supp. at 908.

In opposing the Government's motion, Plaintiff largely ignores the sovereign immunity case law cited by the Government and discussed above. Instead, Plaintiff relies almost exclusively on case law from Maryland state courts discussing the general duties owed by property owners to invitees. While perhaps relevant to Plaintiff's claims against DIY, Plaintiff's arguments do not meet Plaintiff's burden of establishing a waiver of sovereign immunity on the part the United States.

Given that the Court will dismiss the claims against the United States, it must examine whether there is some independent basis upon which it can exercise subject matter jurisdiction over the claims against Defendant DIY. <u>See</u> <u>Becker</u>, 981 F.Supp. at 908 (declining to exercise supplemental jurisdiction over independent contractor after determining that it had no jurisdiction over claims against United

States).  A review of the Amended Complaint reveals that there is no such basis indicated.  The Amended Complaint identifies Plaintiff as a resident of Maryland and provides no information as to DIY except that its last known address was in Baltimore, Maryland.  As her basis for jurisdiction, Plaintiff avers that,

> "[j]urisdiction lies with the Court under 11 U.S.C[. §] 1332 pertaining to diversity of citizenship, a federal question and due to the amount in controversy exceeding Seventy-Five Thousand ($75,000) Dollars.  A (sic) least one of the Defendants being sued is based and operates outside of the State of Maryland and is a federal agency in Washington D.C."

Amended Complaint at ¶ 3.  Apparently, Plaintiff's assertion of diversity jurisdiction was premised on her understanding of the citizenship of HUD, not DIY.  Because both Plaintiff and DIY appear to be citizens of the state of Maryland, the Court has no jurisdiction over the claim asserted against DIY.[2]

---

[2] The Court notes that the contracts attached to the Government's motion provide a Cherry Hill, New Jersey address for DIY.  The Amended Complaint, however, is silent as to the citizenship of DIY.  Where jurisdiction is based upon diversity, "[c]itizenship must be affirmatively alleged; this is because the statement in the pleading is the basis for the court's subject matter jurisdiction."  Charles A. Wright, et al., Federal Practice & Proc. § 3611 at 516.

For the above stated reasons, Defendant's Motion to Dismiss will be granted.  A separate order will issue.


_____/s/_____
William M. Nickerson
Senior United States District Judge


Dated: March 9, 2004