IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

CYRSTAL BAILEY

V.                                              Civil Action WNIN-03-367

UNITED STATES OF AMERICA, et al.

## MOTION TO RECONSIDER, REOPEN CASE AND LEAVE TO FILE AN AMENDED COMPLAINT

_____**COMES NOW** the Plaintiff, by undersigned counsel, and pursuant to FED.R.CIV.P. 59(E), et seq., does hereby move to alter or amend the judgment or dismissal and for the following reasons stated:

1.  On or about February I0, 2004, the Court issued a show cause order requesting why DIY aka DYI and/or the entire case should not be dismissed for nonservice of process. Plaintiff filed a response on or about February 19, 2004, indicating that this Defendant had offices on the very same floor as counsel but, was believed to now only be located in New Jersey, at an address nearby that on the contract produced by the other Defendant, UNITED STATES (hereinafter USA) with its Motion to Dismiss[1]. The Court is asked to take judicial notice of the Response at docket entry Nineteen (19) in this same action.

However, Defendant DIY **had moved from that address** on the contract and is actually now located at 1301 N. Kings Highway, Cherry Hill, New Jersey 08034. Concurrently, the Plaintiff had requested reissuance of process and the President of DIY has agreed to accept it and requested that Counsel contact him at that address.

---

[1] Defendant USA had already been properly served and responded.

1

2.  During this same timeframe, the aforesaid Motion to Dismiss filed by Defendant USA was still pending and had been opposed.  While it was pending, an Amended Complaint had been filed that brought in DIY as USA's agent, especially since the USA was contending that *it* was not liable when it had hired such an independent contractor-agent to assume certain maintenance tasks at issue, either because of immunity and/or because the discretionary function doctrine protected its decision in selecting DIY. At the time the Amended Complaint was filed, DIY was believed to have offices in Maryland, which appears to no longer be true after a rather exhaustive search. Instead, as contended in the response to the Show Cause Order, DIY has been located ONLY in New Jersey and its President contacted at the newer address now discovered.

3.  Thereafter, the Court granted the aforesaid Motion to Dismiss on or bout March 9 but, before service could be perfected on DIY, a return of service filed and a Second Amended Complaint filed. Counsel did not want to act precipitously but, can now in good faith assert a Second Amended Complaint that alleges continued jurisdiction pursuant to 11 USC 1332 eg. Diversity of Citizenship, *inter alia*, as contended in both the original and amended Complaints filed. When the Court dismissed the case on the Motion of Defendant USA, it also dismissed the case *in toto* due to the absence of alleged continued subject matter jurisdiction.

4.  Plaintiff now seeks to reinstate her case effective retroactively to March 9, 2004 with respect to Defendant DIY <u>only</u> with permission to file the attached Second Amended Complaint. <u>See</u> Exhibit A (now without the USA as Defendant). FED.R.CIV.P. 15 (A) *freely* permits such an amended pleading when either a responsive pleading has not yet been filed or "justice so requires".  In this instance, no responsive pleading has yet been filed by DIY and justice so requires permission to amend the allegations with respect to DIY's

address and its relevance to subject matter jurisdiction[2] . Otherwise, she may be completely

barred from pursing any claims to recovery[3].

WHEREFORE, the Plaintiff respectfully requests:

a. That the Court reconsider and alter or amend its judgment of March 9, 2004 in

accordance with this Motion, and

b. Reinstate the claims against Defendant DIY only and grant leave to file a Second

Amended Complaint retroactive to the filing of the initial Complaint.

c. Alternatively, that the Court Amend its order and transfer the case to the Circuit Court for

Baltimore City with respect to DIY only pursuant to Title 28 of the United States Code.

Respectfully Submitted:

HOFFMAN AND HOFFMAN, PA

By:_____
    Charles Frederick Chester 01419
    301 North Charles Street, Suite 804
    Baltimore, Maryland 21201
    Of Counsel
    Counsels to Plaintiff

---

[2] As a corollary, Plaintiff also relies on 15 (b) and (c) to the degree that the information provided by Defendant USA about the role of DIY conforms with the evidence and/or relates back to the filing of the original Complaint. These references are contained in the Amended Complaint.

[3] Plaintiff does not retract or waive her Opposition to the Motion to Dismiss but, the reality is that her claims against the United States have already been dismissed and thus, in being confronted with this reality, she is seeking the reinstatement of her claims against DIY only in this very context, and based upon the very arguments asserted by the United States with respect to the actual and comprehensive role of DIY as its independent contractor-agent.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion was sent first class mail, postage prepaid to John W. Sipple, Jr., Esq., Assistant US Attorney, 6625 United States Courthouse, 10 1 West Lombard Street, Baltimore, Maryland 21201 this 12th day of March, 2004

_____
Charles F. Chester