IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CRYSTAL BAILEY                      :
                                    :
v.                                  :   Civil Action WMN-03-367
                                    :
UNITED STATES OF AMERICA            :
et al.                              :

**MEMORANDUM**

Plaintiff originally filed this tort action against the United States, but subsequently amended the complaint to also include "DYI Corporation"[1] as a defendant.  On March 9, 2004, this Court granted the United States' motion to dismiss the claims against it on the ground of sovereign immunity.  The Court also dismissed the claim against DIY, sua sponte, on the ground that the Amended Complaint did not, on its face, include a sufficient basis for this Court's jurisdiction over that claim.  Plaintiff has now filed a "Motion to Reconsider, Reopen Case, and Leave to File an Amended Complaint," Paper No. 24.  Plaintiff now asserts,

> Jurisdiction lies with the Court under 11 (sic) U.S. C 1332 pertaining to diversity of citizenship, a federal question and due to the amount in controversy exceeding

---

[1] The parties in their pleadings have generally referred to this entity as "DIY, Inc."  In the exhibits attached to the pleadings, the entity is also consistently referred to as DIY, Inc.  In the proposed Second Amended Complaint, Plaintiff has now identified this entity as DIY, Inc., and the Court will employ that designation.

>  Seventy-Five Thousand ($75,000.00) Dollars.
>  A (sic) least one of the Defendants being
>  sued is based and operates outside the
>  State of Maryland and is located in New
>  Jersey.

Proposed Second Amended Complaint at ¶ 3.

This asserted basis of jurisdiction is still not the model of proper pleading:

>  1) The relevant section of the United
>  States Code relating to diversity
>  jurisdiction is 28 U.S.C. § 1332, not "11
>  U.S. C 1332";
>
>  2) There is no "federal question"
>  involved in this action;
>
>  3) Where a defendant might be "based,"
>  "operates" or is "located" is not
>  necessarily the relevant inquiry.  The
>  issue is "citizenship" and, for the purpose
>  of 28 U.S.C. § 1332, a corporation is
>  deemed a citizen of the state in which it
>  is incorporated and where it has its
>  principal place of business.  28 U.S.C. §
>  1332(c)(1).
>
>  4) An allegation that "a[t] least one
>  of the Defendants" is not a citizen of the
>  same state as the Plaintiff is not
>  sufficient to establish diversity
>  jurisdiction.  There must be "complete
>  diversity," _i.e._, all the persons on one
>  side of the suit must be citizens of
>  different states from all persons on the
>  other side.  <u>Strawbridge v. Curtiss</u>, 7 U.S.
>  267 (1806).

Nevertheless, the Court will allow the amendment and reopen the action.  The Court will construe the Second Amended Complaint as alleging that DIY has its principle place of

business in New Jersey and that it is not incorporated in Maryland.  As there is only one defendant in the action, and the Second Amended Complaint alleges elsewhere that Plaintiff "resides in," and thus is a citizen of Maryland, the Second Amended Complaint alleges complete diversity.

    For the above stated reasons, Plaintiff's Motion to Amend the Complaint will be granted.  A separate order will issue.

                                                          _____/s/_____

                                                          William M. Nickerson
                                                          Senior United States District Judge

Dated: March 16, 2004