UNITED STATES DISTRICT COURT,
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| CRYSTAL BAILEY<br>7914 Eastdale Road<br>Baltimore, Maryland 21224 | *<br><br>* | |
| Plaintiff | * | |
| v. | * | Case No.: WMN-03-367 |
| DIY CORPORATION<br>1301 N. Kings Highway<br>Cherry Hill, New Jersey 08034 | *<br><br>* | |
| Serve on:  Kevin Wallace<br>1301 N. Kings Highway<br>Cherry Hill, New Jersey 08034 | *<br><br>* | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### SECOND AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a), (b) (conforming with evidence) and (c)(iii) (relation back) comes now the Plaintiff, Crystal Bailey, by the undersigned Counsel, and files the following complaint against DIY Corporation and for the following reasons states:

### PARTIES

1. Crystal Bailey ("Bailey") is an individual resident of Baltimore County and the State of Maryland.

2. DIY Corporation ("DIY") is located at 1301 N. Kings Highway, Cherry Hill, New Jersey 08034 and upon information and belief is the owner and/or property manager responsible for maintenance upkeep and good conduct of property either directly or thru the U.S. Department of Housing and

<u>Community Development ("HUD"), locate1d at 451 Seventh Street, N.W., Washington, D.C. 20410.</u>

## JURISDICTION AND VENUE

3. Jurisdiction lies with the Court under 11 U.S. C 1332 pertaining to diversity of citizenship, a federal question and due to the amount in controversy exceeding Seventy-Five Thousand ($75,000.00) Dollars. A least one of the Defendants being sued is based and operates outside the State of Maryland and is located in New Jersey.

4. As the Plaintiff resides in Maryland, venue lies with the District of Maryland.

## FACTS

5. On or about the 13th day of February, 2000, the Plaintiff Bailey, was lawfully, carefully and in the exercise of due care for her own safety, viewing a property located at 1940 Inverton Road, in Baltimore, Maryland, which was <u>owned by HUD and/or managed by the Defendant, DIY Corporation</u>, when the Plaintiff Bailey ascended a wooden ladder located in the bedroom of the property to view the attic. The ladder collapsed, causing her to fall and sustain severe injuries.

6. That the Defendant, and <u>its</u> agents, servants, and employees, knew or should have known, and were aware or should have been aware, that the ladder in question was in a state of disrepair, and owed to invitees, including the Plaintiff Bailey, a duty to maintain the premises in a safe condition.

7. That the <u>Defendant was</u> required to use reasonable and ordinary care to maintain the premises safely for the invitee(s) lawfully proceeding thereon, and knew or should have known and were aware or should have been aware that the aforesaid dangerous condition existed on said ladder.

8. The <u>Defendant, and its</u> agents, servants and employees, knew or should have known and were aware or had a duty to be aware that customers could not discover this unreasonable risk or harm with the use of ordinary care and, therefore, could not protect themselves against injury from same.

9. That the Plaintiff, Bailey, was an invitee on the property and, as such, the <u>Defendants, DIY Corporation and its</u> agents, servants, and employees, owed the Plaintiff a duty to use reasonable and ordinary care to maintain the premises safely, and to protect her against injury caused by an unreasonable risk, which she, by exercising ordinary care, could not discover.

10. That the <u>Defendant</u> breached the duties owed to the Plaintiff and were negligent in that they failed to maintain the premises safely for invitees, failed to protect invitees against injury caused by an unreasonable risk or harm which the Plaintiff by exercising ordinary care would not discover, failed to warn of the existence of such condition or danger created thereby, failed to adequately inspect its premises to see that it was safe for the purposes for which the Defendant held it out to Plaintiff, and it was otherwise negligent in the premises.

11. That the Plaintiff, Crystal Bailey says that, as a result of the aforesaid negligence of the <u>Defendant and its</u> agents, servants and employees,

she was caused to fall and strike her body and limbs. She was caused to suffer and sustain serious painful and permanent injuries to her body and limbs, will in the future be caused to suffer and sustain serious, painful and permanent injuries to her body and limbs, was, is and will in the future be caused to suffer and sustain great physical pain and mental anguish as a result of said injuries, was caused to seek and receive medical treatment for her injuries, was caused to expend considerable sums of money therefore, was prevented and precluded from engaging in her usual activities, duties and pursuits for a considerable amount of time, and was otherwise injured and damaged.

12. That the Plaintiff says that all of her injuries, damages, and losses, past, present and prospective, were, are and will be caused solely by reason of the negligence of the <u>Defendant and its</u> agents, servants and employees, without any negligence on the part of the Plaintiff contributing directly thereunto.

13. WHEREFORE, this suit is brought and the Plaintiff, Bailey, claims Five Hundred Thousand ($500,000.00) dollars, damages.

        Respectfully submitted,

        LAW OFFICES OF HOFFMAN & HOFFMAN, P.A.

        By:_____
        MARC HOFFMAN
        Bar No.: 23335

        By:_____
        CHARLES F. CHESTER
        Bar No.: 01419
        301 N. Charles Street
        Suite 804
        Baltimore, Maryland 21201
        (410) 685-1156
        Of Counsel
        Attorneys for Plaintiff

WE HEREBY CERTIFY that we are members in good standing of the Maryland Bar and it's Federal Court.

        By:_____
        Charles F. Chester

        By:_____
        Marc Hoffman