UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| Crystal Bailey | * | |
|     Plaintiff | * | |
| v. | * | Case No. WMN 03 CV 367 |
| DIY Corporation | * | |
|     Defendant | * | |

\* \* \* \* \* \* \* \*

## MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant, DIY, Inc., by its attorney, Larry Caplan, files this Motion To Dismiss, Or In The Alternative, For Summary Judgment pursuant to Federal Rule of Civil Procedure 12 (b) (6).

1. The Second Amended Complaint fails to state a claim upon which relief can be granted.

Wherefor, Defendant DIY, Inc. moves for a dismissal or a judgment in its favor.

    /S/
LARRY CAPLAN (Bar No. 03125)
401 Washington Avenue
Suite 204
Towson, Maryland 21204-4804
410-821-6351
Attorney for Defendant

DIY/MotionDismiss

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of April, 2004, a copy of the forgoing Motion To Dismiss, Or In The Alternative, For Summary Judgment was mailed, postage prepaid to Charles F. Chester, Esquire 301 N. Charles Street, Suite 804, Baltimore, MD 21201.

/S/
LARRY CAPLAN

DIY/MotionDismiss

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| Crystal Bailey | * | |
| Plaintiff | * | |
| v. | * | Case No. WMN 03 CV 367 |
| DIY Corporation | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \*

<u>MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT</u>

Defendant, DIY, Inc. (DIY), by its attorney, Larry Caplan, submits this Memorandum in Support of its Motion to Dismiss, or, In the Alternative, For Summary Judgment.

FACTS

1. Plaintiff filed a Complaint claiming damages as a result of a fall from a defective ladder at 1940 Inverton Road (the Property), owned by the U.S. Department of Housing and Urban Development. (HUD). Plaintiff alleges that Defendant DIY, Inc. (incorrectly identified as " DIY **Corporation**" in the Second Amended Complaint") was engaged by HUD as a property manager responsible for maintenance and repairs at the Property.

2. The original Complaint named only HUD as a Defendant. After HUD filed a Motion to Dismiss claiming sovereign immunity, Plaintiff filed an Amended Complaint adding the property manager as a second Defendant. Plaintiff incorrectly identified the property manager as "DYI Corporation," instead of DIY, Inc. In fact, a Maryland Corporation named "DYI, Inc., located in Colmar Manor, Maryland, exists.

DIY/Memorandum

3. On March 9, 2004, the Court granted HUD's Motion to Dismiss. The case was also dismissed as to DYI, Corporation, *sua sponte,* citing a lack of diversity jurisdiction. At that point, since the Defendant (the incorrectly named DYI Corporation) was a Maryland Corporation, there was no diversity jurisdiction and the dismissal was proper.

4. Plaintiff then filed a Motion to Reconsider the dismissal, inferring, if not alleging, that the Defendant was a New Jersey corporation, thereby establishing diversity jurisdiction. At the same time, Plaintiff filed a Second Amended Complaint, finally correctly identifying the Defendant property manager as DIY. The Motion to Reconsider was granted, re-opening the case.

5. The Complaint alleges that Plaintiff's injury occurred on February 13, 2000.

6. The initial Complaint against HUD only was filed on February 10, 2003.

7. The Amended Complaint, adding "DYI Corporation," was filed on September 16, 2003.

8. The Second Amended Complaint, naming DIY, was filed on March 16, 2004.

ISSUE

PLAINTIFF'S CLAIM AGAINST DIY IS BARRED BY THE STATUTE OF LIMITATIONS.

ARGUMENT

9. The Second Amended Complaint was filed "pursuant to Fed R. Civ. P. 15...(c)(iii) (relation back)..." Plaintiff seeks to avoid the bar of the Maryland statute of limitations by adopting the filing date of the original Complaint (February 10, 2003) to toll the running of the limitations period against Defendant DIY.

10. The incident which is the basis of the Complaint took place on February 13, 2000. (See Second Amended Complaint, paragraph 5.) Maryland's statute of limitations requires that a Plaintiff file a lawsuit within three years from the date Plaintiff knew or should have known that Plaintiff had a cause of action. (MD. Code Ann. Ct. Jud. Proc. Section 5-101.) This is a slip and fall claim in which the Plaintiff obviously knew of her cause of action at the time of the incident. The statutory limitations period expired on February 13, 2003.

11. The original Complaint was filed just three days before the expiration of the limitations period. That Complaint, however, named only HUD as a Defendant.

12. Federal courts apply state law relation-back rules to amendments in a diversity case. State law provides the applicable statute of limitations in a claim based on state law. Saxton v. ACF Industries, Inc., 254 F.3d 959 (11th Cir. 2001).

13. Maryland's rule on amendments of pleadings does not have a relation-back provision. Rule 2-341, cited in Williams v. Hoffman, 139 Md. App. 339, 776 A. 2d ( 2001). Maryland courts, however, have specifically addressed the issue of whether a new party can be added by amendment after the expiration of the statute of limitations.

14. The Maryland Court of Appeals granted a motion for summary judgment in an auto accident tort where the plaintiff attempted to add a new defendant more than three years after the incident. The addition of the defendant was not a case of mere misnomer nor a mere change in the theory of liability. Talbott v. Gegenheimer, 237 Md. 62, 205 A.2d 285 (1964). When a new party is brought in by amendment after limitations have run, the defendant may properly plead the statute as a defense. *Id.*

15. In <u>Ferrucci v. Jack</u>, 255 Md. 523 (1969), plaintiff filed suit against "Minsh Corporation, t/a Snow Hill Apartments" for injuries sustained in a slip and fall accident. More than three years after the incident, plaintiff amended the complaint to name as the defendant the actual owner of the apartments, "Snow Hill Apartment Section 3 Limited Partnership" (Snow Hill). Minsh Corporation, the original defendant, was a management agent which was not affiliated with the property at the time of the incident. The Maryland Court of Appeals affirmed a motion for summary judgment in favor of Snow Hill based on limitations.

16. "It scarcely need be said that ownership of the apartments could have been established by <u>Ferrucci</u> prior to the filing of his suit by an examination of the land records. A failure to do so is evidence of lack of the ordinary diligence required of a person seeking to toll the running of the statute." <u>Ferrucci</u>, id., p. 525.

17. The identity and location of this Defendant were well known to Plaintiff and her counsel from the very time of the incident. Plaintiff's real estate agent contacted DIY on the day of the incident. (See Affidavit of Kevin Wallace, Exhibit. 1.) Plaintiff's counsel acknowledges that DIY "had offices on the very same floor as counsel...". (See Plaintiff's Motion to Reconsider, Reopen Case and Leave to File an Amended Complaint, paragraph 1, docket entry #24.) Plaintiff's counsel even represented DIY on several occasions after the incident. (See Exhibit 1.)

18. A diligent effort by Plaintiff and her counsel would have identified DIY and added it as a Defendant at the inception of this case. (A party is charged with the knowledge of his attorney. <u>Thomas v. Hopkins</u>, 204 Md., 321, 326, 121 A. 2d 192 (1956)., aff'd in part and rev'd in part on other grounds, 356 Md. 426, 739 A.2d 387 (1999).)

```
DIY/Memorandum
```

19. In addition to the personal knowledge of the Plaintiff and her attorney about DIY, public records could have easily identified and located this Defendant. Defendant DIY is a New Jersey Corporation which registered to do business in Maryland in 1999. The records of the State Department of Assessments and Taxation list the New Jersey address of the corporation and the name and address of a local resident agent. (See Exhibit 1.)  DIY provided management services to HUD, a federal agency, for several years before and after the incident. Finding and serving this Defendant would have required only the barest diligence by Plaintiff and her counsel.

20. The crucial considerations in determining whether the statute of limitations bars adding a new party by amending the pleadings is whether the new party had notice of its intended status and whether it is prejudiced. <u>Williams, id.</u>, 373. DIY was not served with any pleadings in this case until March 15, 2004 - four years, one month and two days after the incident. And worse, the pleadings served at that time consisted of a Complaint filed against "DYI, Corporation," not DIY, Inc.  The real Defendant, DIY, received a copy of the Second Amended Complaint, the first pleading identifying the correct party, on March 30, 2004, by first class mail.  DIY had no notice of the lawsuit, and no reason to know of its intended status as a Defendant, until March 15, 2004.

.       21. The amendment adding the property manager as a new Defendant, albeit incorrectly identified as DYI, was filed in September, 2003. That amendment was not one of misnomer, as in <u>Smith v. Gehring</u>, 64 Md. App 359 (1985). Even if we consider the DYI-DIY mistake as a mere misnomer, Plaintiff missed the limitations bar by more than eight months (from February 13, 2003 to the filing of the Amended Complaint the following September).

```
DIY/Memorandum
```

22. Any Defendant is prejudiced by the passage of time before bringing a lawsuit. The justification for the statute of limitations lies in just such prejudice. Fairness to the Defendant is the primary consideration underlying the statute. <u>Feldman v. Granger</u>, 255 Md. 288, 257 A.2d 421 (1969). The limitations period adopted by the legislature strikes a balance between protecting the interests of the Plaintiff who diligently pursues his claim and allowing repose to a potential defendant. <u>Doe v. Archdiocese of Washington</u>, 114 Md. 169, 689 A. 2d 634 (1997) The statute of limitations prevents the litigation of claims after evidence has been lost, memories have faded and witnesses have disappeared. <u>Bertonazzi v. Hillman</u>, 241 Md. 361, 216 A. 2d 723 (1966).

23. This Defendant is clearly prejudiced by the passage of time since this incident. DIY has moved its offices several times. Employees have come and gone. The subject property has been sold. (See Exhibit 1) Determining the condition and soundness of a ladder more than four years after its alleged failure is an unreasonable task for any fact finder.

24. Plaintiff could have and should have named DIY as a Defendant long ago. Surely, one exercising the sort of "ordinary diligence" referred to in <u>Ferrucci</u>, id., would have had no trouble finding DIY.

## CONCLUSION

25. The statute of limitations bars this Plaintiff from adding DIY as a new Defendant by amendment more than four years after the alleged incident.

DIY/Memorandum

Wherefore, Defendant DIY moves for a dismissal of this case based on statute of limitations, pursuant to Rule 12((b) (6) or, in the alternative, for a summary judgment in its favor.

/S/
LARRY CAPLAN  (Bar No. 03125)
401 Washington Avenue
Suite 204
Towson, Maryland 21204-4804
410-821-6351
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of April, 2004, a copy of the forgoing Memorandum in Support of Motion To Dismiss, Or In The Alternative, For Summary Judgment was mailed, postage prepaid to Charles F. Chester, Esquire 301 N. Charles Street, Suite 804, Baltimore, MD 21201.

/S/
LARRY CAPLAN

DIY/Memorandum

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| Crystal Bailey | * | |
| Plaintiff | * | |
| v. | * | Case No. WMN 03 CV 367 |
| DIY Corporation | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \*

<u>AFFIDAVIT IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS</u>

Kevin Wallace hereby deposes and says:

I am over the age of eighteen and competent to testify to the matters set forth below on my own personal knowledge.

1. I have been the secretary and treasurer of DIY, Inc. (DIY) since 1991.

2. DIY is a New Jersey Corporation with its principal place of business at 1301 North Kings Highway , Cherry Hill, NJ  08034.  DIY has been located at this address since November 2001.

3. DIY qualified to do business in the State of Maryland in 1999.  Our New Jersey address was, and still is, listed as the corporation's address with the Maryland Department of Assessments and Taxation (SDAT).  SDAT also lists the resident agent for the corporation: Jeff Wallace, 719 Baltimore Blvd., Westminster, MD  21157. Jeff Wallace still maintains an office at that address.

4. DIY provided property management services for properties owned by the U.S. Department of Housing and Urban Development pursuant to a contract with HUD.

`DIY/Memorandum`

5. From September, 1999 to December 2000, DIY maintained an office in Baltimore at 301 N. Charles Street, Suite 800.

6. From December, 2000 to April, 2002 DIY's Baltimore office was located at 16 Charles Plaza, directly across the street from 301 N. Charles Street.

7. DIY transacted business with Plaintiff's attorney, Marc Hoffman, beginning in October, 2000. His office was located across the hall from that of DIY at 301 N. Charles Street. Mr. Hoffman represented DIY in two cases in 2000-2001. Mr. Hoffman was well acquainted with DIY and its business activities.

8. DIY first received notice of this lawsuit on March 15, 2004. I received a copy of the Amended Complaint by certified mail from Marc Hoffman on that date. DIY had no knowledge of a pending lawsuit until that date.

9. DIY has no connection or affiliation with DYI, Inc., the Maryland corporation named in the Amended Complaint and located in Colmar Manor, Maryland.

10. On February 13, 2000, I received a telephone call from a realtor named "Francesca" with Expert Realty. Francesca stated that while she was showing the property at 1940 Inverton Road to a potential buyer, the buyer fell from a ladder. Francesca and Expert Realty were well known to me as realtors who marketed properties owned by HUD.

11. 1940 Inverton Road was sold by HUD on August 23, 2000, per Deed recorded in the Land Records of Baltimore County at Liber 14655, folio 496.

I hereby certify under penalty of perjury that the facts set forth above are true and correct.

      /S/
      Kevin Wallace

```
DIY/Memorandum
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| Crystal Bailey | * | |
| Plaintiff | * | |
| v. | * | Case No. WMN 03 CV 367 |
| DIY Corporation | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \*

### PROPOSED ORDER

Upon the aforegoing Motion to Dismiss Or, In The Alternative, For Summary Judgment, it is, this _____ day of _____, 2004, by the United States District Court for the Northern District of Maryland,

ORDERED: That the Motion to Dismiss Or, In The Alternative, For Summary Judgment file by Defendant DIY, Inc. is hereby GRANTED;

AND IT IS FURTHER ORDERED: That the Second Amended Complaint filed herein is dismissed as to Defendant DIY, Inc.

_____
JUDGE

DIY/Memorandum