IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

CRYSTAL BAILEY

    PLAINTIFF

v.

DIY CORPORATION

    DEFENDANT

### MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

COMES NOW the Plaintiff, by undersigned counsel, and submits this Memorandum in Opposition to the Defendant DIY Corporation's Motion to Dismiss:

INTRODUCTION

The Amended Complaint, filed pursuant to Fed. R. Civ. P. 15 (a),(b) and ©), names DIY as a Defendant. That Defendant seeks to be dismissed as a result of the alleged application of the Maryland Statute of Limitations requiring filing of suit within three (3) years of notice of the claim and all the relevant parties. In this instance, the statute either does not apply or has been met.

FACTS

In its Motion, the Defendant claims that its identify was known to the Plaintiff or her counsel at some point prior to the initial filing of the action against the United States Department of Housing and Urban Development ("HUD"). However, there is absolutely no proof whatsoever that the identity of the Defendant <u>as a manager of the property in question</u> was timely known. In fact, that knowledge only arose as the result of the revelations of HUD's own Motion

to Dismiss, based upon the very existence of DIY as an independent contractor manager.  **See** Motion to Dismiss of HUD.  As soon as this became known, the Plaintiff promptly amended her suit to include the Defendant as named by HUD. [1]

APPLICABLE LAW

FED. R. CIV. P. 15 exists to freely permit amendment up until a responsive pleading is filed.  Id, at (a).  Furthermore, amendments are permitted to conform with the evidence, once it is known and even after the rendering of a judgment.  Id., at (b).  Finally, an amendment can relate back to the original filing of the action when (1) permitted by any applicable statute of limitations, **OR** (2) it contains allegations relating back to the same ones originally pled, **OR** (3) a new party is added but, the original cause of action is the same (see subsection Two (2),  and that new party has not been prejudiced and should have known that but, for the mistake, it would have been included.  Id, at ©).

For the reasons outlined herein, the Plaintiff can satisfy any of these options, all of which are mutually exclusive.

ARGUMENT

With respect to the issue of filing an amendment before a responsive pleading is filed, this was certainly the case here.  The Court is asked to take judicial notice of the fact that the Amended Complaint naming DIY was actually filed even before HUD was dismissed and was

---

[1] For purposes of a Motion to Dismiss, this knowledge of the relevant identify of a Defendant must be clear based upon the pleadings themselves, as opposed to a Motion for Summary Judgment.  FED. R. CIV. P. 12 ©).  In addition, as to the correct name, throughout its Motion, HUD referred to DIY and DYI interchangeably, thus obscuring the correct name.  Regardless, Fed. R. Civ. P. 15 ©) specifically protects the Plaintiff with respect to misnomers and the ability to correct the name and relate it back to the filing of the action.

served prior to the instant Motion to Dismiss. In fact, as soon as it was served, a subsequent Second Amended Complaint was sent to the then served Defendant, noting its change of address out of state in order to preserve subject matter jurisdiction. 28 USC 1333 (diversity preserved). Throughout the entire period of time when HUD's Motion was pending, the Plaintiff made several attempts to locate, even in New Jersey, and serve DIY and noted those efforts in response to at least two (2) Show Cause Orders requiring compliance with FED. R. CIV. P. 4, Et. Seq.. See also, the Plaintiff's Motion to Reconsider to have the case reinstated. [2]

With respect to the issue of amending to conform with the evidence, the record is also clear. The Plaintiff simply moved to conform with what it learned from Defendant HUD's Motion. The chronology of pleadings is significant and self-evident in that regard. The Plaintiff moved promptly to amend once HUD took the unexpected step of revealing a heretofore undisclosed agent for the exact property in question and that it considered an independent contractor, which it contended was responsible as a matter of law. See Motion to Dismiss of HUD. Ironically, it is the very Affidavit of Defendant's principal, Kevin Wallace, that confirms that HE was aware of the potential claim when contacted by realtor Francesca of Expert Realty on *February 13, 2000.* See Affidavit, at paragraph Ten (10) ("...the buyer fell from a ladder. Francesca and Expert Realty were well known to me...")

With respect to the issue of relating back, there is also firm ground to deny the Motion. Even presuming arguendo the relevance of the Maryland statute in question, the statute is tolled

---

[2] While Defendant seems to find it noteworthy that there is a Maryland corporation named DYI, at no time did the Plaintiff name this corporation in Colmar, Maryland nor is there any evidence of record that this company even does any business with HUD as its manager on the property in question. However, the Defendant acknowledges having an office in Maryland now being in New Jersey. See Motion, at paragraphs two (2) and nineteen (19), respectively.

by the filing of this action three (3) days in advance of its expiration. Even the Defendant concedes the relevance of this date. **See** Motion, at paragraph eleven (11). And Maryland's statute of limitations is subject to a discovery rule. Doe v. Archdiocese of Wash., 114 Md. App. 169, 689 A.2d 634 ((1997).

The purpose of the relation back provision, in part, its to permit amendment especially when it relates to the same cause of action, which is very clear here. FED. R. CIV. P. 15 ©) (2). There is no issue raised that the gravamen of the suit has changed, because it has not. The Plaintiff has only added an undisclosed agent for this property of the disclosed principal.

With respect to the issue(s) of prejudice and any notice, the Defendant cannot credibly argue that the Plaintiff must not prevail. FED. R. CIV. P. 15©) (3). In this instance, the Defendant itself acknowledges notice of the potential claim on the very day of the occurrence in its own affidavit attached to the Motion, as already noted. In Maryland, such notice of being an intended Defendant within the limitations period is sufficient. Smith v. Gehring, 66 Md. App. 359, 496 A.2d 317 (1985)(wherein a co-owner of real estate had notice). In addition, there has been absolutely no credible argument advanced as to why the Defendant would be prejudiced in any way, shape or form by it inclusion in this suit <u>any more than Plaintiff</u> at this date in time or, how the Plaintiff even knew of DIY's exact involvement in this particular property.

In fact, it is the Defendant that had notice of its potential for liability when the Plaintiff did not<u>. Doe</u>, id. (Wherein the Maryland Court of Appeals ruled that the cause of action runs from the time the Plaintiff either knew or should have known of the wrongdoing). In this instance, the Plaintiff did not and could not have known of the failure of ***DIY*** to properly maintain the premises and to be the party responsible, as a matter of law and contract with HUD.

DIY should not be permitted to not preserve its property management records and now contend that, as a result, it is somehow prejudiced by the alleged lack of <u>Plaintiff's</u> diligence. <u>See</u> paragraph twenty-three (23) of the Motion.

In support of its Motion, DIY primarily relies upon the case cited in paragraph fifteen (15) of its Motion. <u>Ferrucci v. Jack</u>, 255 Md. 523 (1969).However, that case does not apply, here. That case turned on the proper identity of an **owner** of property, something easily ascertainable. There is no question that, in this instance, <u>the proper owner was in fact sued, HUD.</u> However, it was HUD's position, with which the Court agreed, that it had no liability where it had hired DIY as an independent contractor to maintain the property. It was HUD that identified DIY as the real party responsible. When the claim was first noted against HUD, as required under the Federal Torts Claims Act, HUD denied the claim. But, at that time, HUD did <u>not</u> name or otherwise identify DIY as its agent. <u>See</u> original Complaint. If need be, this issue can be subject to proper discovery and a subsequent Motion for Summary Judgment, if still appropriate, at the conclusion of discovery on this issue, among others.

Furthermore, if Maryland law does apply, it helps the Plaintiff.

> "So long as the operative factual situation remains essentially the same,
> no new cause of action is stated by a declaration framed on a new theory or
> invoking different legal principles, as a consequence, doctrine of relation back
> is applied, and intervention of a plea of limitations prevented"
> <u>Crowe v. Houseworth</u>, 272 Md. 481, 325 A.2d 592 (1974).

In this instance, no party has claimed a change in the cause of action. Thus, the relation back applies, even with a new party. <u>Ehrlich v. Board of Education of Baltimore County</u>, 257 Md. 542, 263 A.2d 853 ((1970)(wherein the Court actually permitted a new party Plaintiff). <u>See also</u> <u>Brooks v. Childress</u>, 198 Md. 1, 81 A.2d 47 (1951)(wherein the Court permitted a new party

5

Defendant). The courts continue to hold this way where the cause of action has not changed, as is the case here. In general, Maryland has adoped a liberal view with respect to the theory of relation back. Crowe, at 596 and citing New York Central and H.R.R. Co. v. Kinney, 260 U.S. 340, 346, 43 S. Ct. 122, 123, 67 L. Ed. 294 (1922), id. At 597. This is completely contrary to the contention of the Defendant that Maryland does not have a relation back provision. See Motion, at paragraph thirteen (13).

CONCLUSION

For all the aforementioned reasons, the Motion to Dismiss should be denied, and a scheduling order for discovery should be issued

Respectfully Submitted:

HOFFMAN AND HOFFMAN, PA.

BY: _____
Charles Frederick Chester 01419
Of Counsel
301 North Charles Street, Suite 804
Baltimore, Maryland 21201
(410) 685-1156
Counsel to Plaintiff

**Certificate of Service**

I hereby certify that a copy of the foregoing Memorandum will be mailed the 19th day of April, 2004 to Larry Caplan, Esq., 401 Washington Street, Suite 204, Towson, Maryland 21204.

_____
Charles F. Chester.