```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

CRYSTAL BAILEY                          :

                                    :

v.                                      :   Civil Action WMN-03-367

                                    :

UNITED STATES OF AMERICA
et al.                                  :

**MEMORANDUM**

    Before the Court is Defendant DIY, Inc.'s Motion to Dismiss. Paper No. 31. The motion is ripe for decision. Upon a review of the motion and the applicable case law, the Court determines that no hearing is necessary and that the motion will be granted.

    Plaintiff alleges that she was severely injured when a wooden ladder that she was ascending collapsed and caused her to fall. The ladder in question was located in the bedroom of a residential property and provided access to the attic. The property was owned by the United States Department of Housing and Urban Development (HUD) and was managed and maintained by Defendant DIY, Inc. The accident occurred on February 13, 2000.

    For reasons not readily apparent, Plaintiff waited almost three years, until February 10, 2003, to file a civil action related to this incident. Unfortunately for Plaintiff, her initial complaint named only HUD as a defendant. On September

16, 2003, Plaintiff filed an amended complaint adding "DYI Corporation" as an additional defendant.  DYI Corporation happens to be the name of an actual Maryland corporation, located in Colmar Manor, Maryland, but this entity has no relation to DIY, Inc., or to the property in question.

Although the First Amended Complaint was filed on September 16, 2003, as of February 10, 2004, Plaintiff had yet to serve that complaint on either DYI Corporation or DIY, Inc.  On February 10, 2004, the Court issued an order to show cause why the Amended Complaint should not be dismissed as to DYI Corporation in light of Plaintiff's failure to effect service within the 120 days permitted under Rule 4(m) of the Federal Rules of Civil Procedure.  Plaintiff responded to the show cause order on February 19, 2004, and although she did not explain why service was not effected previously, she stated that she would be requesting a reissuance of service.  She filed that request on February 24, 2004, and the Clerk of the Court reissued a summons on that same date.

Shortly after Plaintiff filed the Amended Complaint, HUD filed a motion to dismiss on the ground of sovereign immunity.  On March 9, 2004, the Court granted HUD's motion.  The Court also dismissed the case in its entirety, concluding that Plaintiff had failed to affirmatively allege the citizenship

of the remaining defendant, DYI Corporation, which a plaintiff must do in order to establish diversity jurisdiction. See March 9, 2004 Memorandum at 6 n.2.

On March 12, 2004, Plaintiff filed a motion for reconsideration, clarifying that the remaining defendant was a citizen of New Jersey. With the motion for reconsideration, Plaintiff filed a proposed Second Amended Complaint including that allegation. The Second Amended Complaint identified the defendant as "DIY Corporation," and included the New Jersey address of DIY, Inc. The motion for reconsideration was granted on March 16, 2004, and the Second Amended Complaint was deemed filed as of that same date.

The earliest that Defendant DIY, Inc. had any notice that Plaintiff had filed a lawsuit related to the February 13, 2000 incident was on March 11, 2004, when it received service of the First Amended Complaint.[1] Plaintiff represents that it sent a copy of the Second Amended Complaint, via first class mail, on March 25, 2004. Defendant DIY, Inc. states that it received this Second Amended Complaint on March 30, 2004.

In lieu of an answer, DIY, Inc. filed a motion to dismiss on the ground of limitations. There can be no dispute that

---

[1] Defendant DIY, Inc. states that it did not receive this notice until February 15, 2004. Affidavit of Kevin Wallace at ¶ 8.

3

Maryland's three year statute of limitations applies to Plaintiff's negligence claim against Defendant DIY, Inc.  <u>See</u> Md. Code Ann., Cts. & Jud. Proc. § 5-101 ("A civil action shall be filed within three years of the date it accrues . . . .").  As the injury occurred on February 13, 2000, and Plaintiff did not file a complaint even arguably naming DIY, Inc. until September 16, 2003, the claim against DIY, Inc. should be time barred.

To avoid this result, Plaintiff makes two arguments. First, Plaintiff argues "there is absolutely no proof whatsoever that the identity of the Defendant <u>as a manager of the property in question</u> was timely known."  Opp. at 1 (emphasis in original).[2]  Plaintiff appears to be invoking Maryland's "discovery rule."  <u>See</u> <u>Poffenberger v. Risser</u>, 290 Md. 631 (1981).  Under the discovery rule, limitations begin to run when a claimant gains knowledge sufficient to put her on inquiry.  As of that date, she is charged with knowledge of facts that would have been disclosed by a reasonably diligent investigation.  <u>Id.</u> at 637.  Furthermore, "[o]nce on notice of

---

[2] Plaintiff asserts that the knowledge that DIY was the manager of the property "only arose as the result of the revelations of HUD's own Motion to Dismiss."  Opp. at 1.  That assertion is inconsistent with the fact that Plaintiff first moved to amend the complaint on September 16, 2003.  The Motion to Dismiss was not filed until September 30, 2003.

one cause of action, a potential plaintiff is charged with responsibility for investigating, within the limitations period, <u>all potential claims and all potential defendants</u> with regard to the injury." <u>Doe v. Archdiocese of Washington</u>, 114 Md. App. 169, 188 (1997)(emphasis added)); <u>see also</u>, <u>Conaway v. State</u>, 90 Md. App. 234, 253 (1992) ("knowledge of the identity of a particular defendant is not a necessary element to trigger the running of the statute of limitations"). Should a plaintiff fail to seek out the facts supporting a cause of action and the identity of those who may be potentially liable, it can fairly be said that the plaintiff has inexcusably slept on her rights.

Here, Plaintiff knew of her injury and the alleged cause of her injury immediately; she was injured when she fell off a ladder. In a straightforward slip and fall case such as this, three years is more than enough time for a reasonably diligent investigation to discover the identity of the party responsible for the condition of the property. Plaintiff has provided no particular barriers to her having acquired that information in this instance and thus, the discovery rule offers no relief to Plaintiff.

Plaintiff next argues that the filing of her amended complaints should "relate back" to the filing date of her

5

original complaint.  Although it ultimately makes no difference in the final resolution of this motion, the parties disagree as to whether the state or the federal relation back rule applies.  Plaintiff relies on Rule 15(c) of the Federal Rules of Civil Procedure; Defendant on Maryland state law as annunciated in decisions of the Maryland appellate courts.[3]

Under Rule 15(c) of the Federal Rules, the first requirement for an amendment to relate back to the date of a previous pleading is that the claim in the amended pleading must arise out of the same transaction or occurrence as the original claim.  Fed. R. Civ. P. 15(c)(2).  This requirement is plainly satisfied here.  Where, however, an amendment changes the party or the naming of a party, Rule 15(c) imposes further requirements.  It requires that "within the period provided by Rule 4(m) for service of the summons and complaint," the new party had "notice of the institution of the action" such that the party would not be prejudiced in maintaining a defense on the merits and that, within that same time period, the added party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."  Fed.

---

[3] Maryland's rule on the amendment of pleadings, Rule 2-341, unlike the corresponding federal rule, does not include an explicit relation back provision.

R. Civ. P. 15(c)(3).

Rule 4(m) requires service of the summons and complaint within 120 days of the filing of the complaint, except that where a plaintiff shows good cause for the failure to meet the 120-day limit, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Thus, courts can allow relation back under Rule 15(c) where the added party had notice within 120 days following the filing of the complaint, or later if good cause is shown. See, e.g., Skoczylas v. Fed. Bureau of Prisons, 961 F.2d 543, 545 (5th Cir. 1992) ("[R]elation back is allowed as long as the added party had notice within 120 days following the filing of the complaint, or longer if good cause is shown."). Here, it was more than a year after the filing of the original complaint before DIY, Inc. had notice of the filing of this action, and Plaintiff has not shown sufficient good cause to convince the Court to more than triple the time allowed for service.[4]

Plaintiff fares no better under state law. In Nam v.

---

[4] Plaintiff argues that DIY, Inc. "acknowledges notice of the potential claim on the very day of the occurrence," Opp. at 4, because one of its officers received a telephone call concerning the incident. Rule 15(c) requires that the party to be added has "notice of the institution of the action," not notice of a potential claim that may or may not ever be brought in a lawsuit.

Montgomery Co., 127 Md. App. 172, 186 (1999), the Maryland Court of Special Appeals declared in the context of amendments identifying a new party, "if an amendment merely corrects the name of an original party, as opposed to adding a new party, the doctrine [of relation back] is applicable.  Conversely, if a new defendant is added, the doctrine of relation back does not apply."   The court further noted that it was "critical" in order for the doctrine to apply that the party to be added had "notice of his, or her, or its, intended status as defendant within the limitations period."  Id. (emphasis added). DIY, Inc.'s notice of its intended status as a defendant did not come until more than one year after end of the limitations period.

    For these reasons, the Court finds that Plaintiff's claim against Defendant DIY, Inc. is time barred and that this suit must be dismissed.  A separate order will issue.

                                              /s/
                            William M. Nickerson
                            Senior United States District Judge

Dated: October 20, 2004